UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
HANSEN MANUFACTURING CO., INC.,

                              Plaintiff,            MEMORANDUM OPINION
                                                        AND ORDER

      -against-

JAMIE E. FRANK,                                        CV 99-8097 (DRH) (ETB)

                              Defendant.
-----------------------------------------------------------------------X

       Familiarity with the arduous history of this action is presumed. Suffice it to say that this action is six years old and had been on the district court trial calendar in June 2005 and was taken off to afford the plaintiff the opportunity to examine the IRS income tax returns discussed below. Since July 20, 2005, the defendant has stonewalled the plaintiff's efforts to obtain these documents, notwithstanding the orders of this Court. By letter to the undersigned dated October 3, 2005, defendant's counsel stated that, as directed by Judge Hurley's order, [1] it produced "the tax returns that Mr. Frank was able to locate," and as such, defendant was in full compliance with the Court's order. (Letter from Gina M. Fortunato to the undersigned, dated October 3, 2005, at 2.) By letter response dated October 5, 2005, plaintiff's counsel stated that plaintiff still had not produced all of the returns in compliance with the subpoena. (Letter from Lawrence B.

---

[1] On July 6, 2005, Judge Hurley denied the defendant's motion to quash the trial subpoena for the income tax records at issue here. By order dated August 8, 2005, the Court denied defendant's application for a protective order limiting the scope of plaintiff's subpoena for the production of the tax returns at issue here. The court further directed the production of all subpoenaed returns subject to the terms of a confidentiality order that is now in place. (See Order of Denis R. Hurley, D.J., dated August 8, 2005.)

1

Goldberg to the undersigned, dated October 5, 2005.)

The parties appeared before me on November 1, 2005 for oral argument on the above applications, and on November 15, 2005, I "so ordered" a subpoena duces tecum to the IRS for the tax returns for Flair International, Heather Capital and Mr. Frank that still had not been produced by the defendant. (<u>See</u> Order by the undersigned, dated November 15, 2005.) Following receipt of the subpoena, by letter to plaintiff's counsel dated December 2, 2005, Ms. F. Berger from the IRS in Holtsville, New York stated that, pursuant to 26 U.S.C. § 6103,[2] the IRS was unable to comply with the subpoena without signed authorization from the taxpayers on Form 4506. (<u>See</u> Letter from Ms. F. Berger to Mr. Lawrence Goldberg, dated December 2, 2005.)

In light of the foregoing, and to avoid any extended litigation on this issue with the IRS, this order directs defendant Jamie E. Frank to produce to the plaintiff without delay personal income tax returns (complete with all schedules and attachments) for the tax years 1992 through 2001.[3] In addition, Mr. Frank, in his capacity as President of Flair International and Heather Capital from 1995 through 2001, is directed to produce to the plaintiff, without delay, the corporate federal income tax records (complete with all schedules and attachments) for said corporations for the tax years 1995 through 2001. Mr. Frank shall provide releases to plaintiff's counsel, Mr. Lawrence Goldberg, for such records to the IRS on Form 4506, as per the

---

[2] 26 U.S.C. § 6103 makes it unlawful for any officer or employee of the United States to disclose return or return information to any person not authorized by statute.

[3] Plaintiff's counsel states that he has received Mr. Frank's personal tax returns for the years 2002, 2003, and 2004. (Letter from Lawrence Goldberg to the undersigned, dated October 5, 2005.)

correspondence of Ms. Berger, within five (5) days. An affidavit detailing compliance with this order shall be filed within ten (10) days of the date of this order. The defendant's failure to comply with this order will expose him to sanctions under Rule 37 and 42 U.S.C. § 1927, including the imposition of attorney's fees and costs, the striking of pleadings, preclusion of evidence, striking an asserted defense, a negative inference at trial, and/or contempt. See Federal Rule of Evidence 37; 42 U.S.C. § 1927. See also Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 137 (2d Cir. 1991) (affirming district court's award of sanctions in alter ego case where defendant repeatedly refused to comply with discovery orders directing the defendant to produce corporate records and documents); Apex Oil Co. v. Belcher Co. of N.Y., 855 F.2d 1009, 1019-1020 (2d Cir. 1988) (affirming district court's award of sanctions under Section 1927 where defense counsel refused to timely produce documents).

SO ORDERED.

Dated: Central Islip, New York
　　　　December 20, 2005

　　　　　　　　　　　　　　　　　　　　　　　/s/ E. Thomas Boyle
　　　　　　　　　　　　　　　　　　　　　　　E. THOMAS BOYLE
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge